UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD C. TYLER, | No. C 09-4225 MHP (pr) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| ADAMS, warden, | |
| Respondent. | |

## INTRODUCTION

Reginald C. Tyler, an inmate at California State Prison - Corcoran, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Now before the court for consideration is respondent's motion to dismiss the petition as untimely. Tyler addressed the reasons why he filed an untimely petition in his motion to appoint counsel (Docket # 8). The court finds that the petition was not timely filed and dismisses it.

## BACKGROUND

On April 21, 1994, in San Francisco County Superior Court, a jury found Taylor guilty of escape and being a felon in possession of a firearm. The court declared a mistrial as to charges against Taylor of murder and robbery. On July 27, 1994, a second mistrial was declared as to the murder and robbery charges. On November 29, 1994, at his third jury trial, Taylor was found guilty of second degree murder and auto theft. On December 21, 1994, petitioner was sentenced to 28 years and 8 months to life in prison.

The California Court of Appeal affirmed the judgment on February 29, 1996. Taylor did not seek further appellate review.

About twelve years later, Taylor filed three state habeas petitions. On March 4, 2008, the San Francisco County Superior Court denied Taylor's petition for writ of habeas corpus.[1] Taylor filed a petition on April 21, 2008 in the California Court of Appeal, and the court denied it on April 30, 2008. On January 22, 2009, Taylor filed a petition in the California Supreme Court. The state supreme court denied the petition on July 8, 2009.

Taylor's federal petition was originally filed with the Eastern District, and it later was transferred to this court. His federal petition was signed on August 17, 2009, and was stamped "filed" in the Eastern District on August 27, 2009. For purposes of the present motion, the court assumes that Taylor put the petition in the prison mail the day he signed it and uses that as the filing date under the prisoner mailbox rule. See generally Houston v. Lack, 487 U.S. 266, 276 (1988).

**DISCUSSION**

Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which:  (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). For cases in which the convictions became final before the April 24, 1996 enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the petitioners had a one-year grace period so that their petitions were due by April 24, 1997. See Patterson v. Stewart, 251 F.3d 1243, 1245-46 (9th Cir. 2001).

Taylor receives the benefit of the one-year grace period because his conviction became final on April 9, 1996, forty days after the appellate court decision, and before the AEDPA was enacted. See Smith v. Duncan, 297 F.3d 809, 812-13 (9th Cir. 2002) (limitation period began running day after time to seek discretionary review of California Court of

2

1  Appeal's decision in the Supreme Court of California expired, which was forty days after the
2  Court of Appeal filed its opinion) (citing former Cal. Rule of Court 24(a) [current version at
3  Cal. Rule of Court 8.264], 28(b) [current version at Cal. Rule of Court 8.500(e)]).  The
4  presumptive deadline for Taylor to file his federal petition therefore was April 24, 1997.  He
5  missed that deadline by over twelve years, so unless he is entitled to significant tolling, his
6  petition was very untimely.

7        The one-year limitations period will be tolled for the "time during which a properly
8  filed application for State post-conviction or other collateral review with respect to the
9  pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  By the time Taylor's first
10 state petition was filed in 2008, the limitations period already had ended so he receives no
11 statutory tolling for the state habeas petition.  See Ferguson v. Palmateer, 321 F.3d 820, 823
12 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period
13 that has ended before the state petition was filed").

14       The one-year limitations period can be equitably tolled because § 2244(d) is not
15 jurisdictional.  Holland v. Florida, 130 S. Ct. 2549, 2560 (2010).  "'A litigant seeking
16 equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing
17 his rights diligently, and (2) that some extraordinary circumstance stood in his way.'"  Id. at
18 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Rasberry v. Garcia,
19 448 F.3d 1150, 1153 (9th Cir. 2006) (quoting Pace).  Taylor argues that the limitations period
20 should be equitably tolled for five reasons:  (1) he received ineffective assistance of counsel
21 from his trial and appellate attorneys; (2) he has an unspecified mental health disability; (3)
22 he is not familiar with the trial, appellate, and petitioning process; (4) he is illiterate; and (5)
23 he is actually innocent.  *See* Motion To Appoint Counsel, p. 2-10.  These reasons do not
24 warrant equitable tolling to make his petition filed over twelve years after the presumptive
25 deadline timely.

26       Taylor argues that his appellate counsel failed to file a petition for writ of habeas
27 corpus and failed to explain the consequences of failing to comply with the AEDPA time
28 limitations.  Id. at p. 5.  An attorney's negligence does not constitute extraordinary

3

circumstances sufficient to warrant equitable tolling. See Lawrence v. Florida, 549 U.S. 327, 336 (2007). But where the attorney's misconduct is sufficiently serious, as opposed to merely negligent, equitable tolling may be appropriate. See Holland, 130 S. Ct. at 2564-65. Taylor has not demonstrated that his appellate counsel's conduct amounts to more than mere negligence. Taylor does not show that his attorney was obligated to file his petition for review. Taylor concedes that his appellate counsel explained to him that he would have to "raise any federal constitutional issues by way of a petition for writ of habeas corpus in state courts." Motion To Appoint Counsel, p. 4-5. His appellate counsel's failure to explain the AEDPA time limitations could be explained by the fact that AEDPA was not yet enacted at the time that Taylor was represented on appeal. Even if the AEDPA had been enacted, the attorney's failure to explain its time limitations amount to negligence, at most. Taylor also argues that he received ineffective assistance of counsel in the trial court and in the appellate court. However, these arguments concern the merits of his claims and do not show a reason to equitably toll the limitations period.

       Taylor also argues that he has a "newly discovered" mental health disability that made filing a timely petition difficult.[2] Id. at p. 10. To support this argument, he presents as evidence a document that indicates that he has a pending request for an appointment to receive a mental health evaluation. Id. at Exh. 1. Taylor also provides a document signed by correctional sergeant Gonzales that indicates that Taylor received a rules violation report for misbehaving, and that misbehavior was not "bizarre, unusual, or uncharacteristic" as to warrant mental health services. Id. at Exh. 3. "Where a habeas petitioner's mental incompetence in fact caused him to fail to meet the AEDPA filing deadline, his delay was caused by an 'extraordinary circumstance beyond [his] control,' and the deadline should be equitably tolled." Laws v. Lamarque, 351 F.3d 919, 923 (9th Cir. 2003). However, where a prisoner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas application, the equitable tolling claim will be denied. Gaston v. Palmer, 417 F.3d 1030, 1034-35 (9th Cir. 2005) (where prisoner fails to show causal connection between mental disabilities and

4

inability to timely file petition, district court's finding that he was not entitled to equitable tolling where he had earlier filed a state habeas petition was not clear error). Taylor's evidence does not demonstrate that he has a mental health disability, nor does it demonstrate that a mental health disability caused him to miss the filing deadline by over twelve years.

Taylor's remaining three arguments also do not warrant equitable tolling. Taylor's ignorance of the legal process does not amount to the sort or extraordinary circumstance warranting equitable tolling. See Rasberry, 448 F.3d at 1153 ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"). Taylor's claim that he is illiterate also fails to amount to an extraordinary circumstance that warrants equitable tolling. See Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986) (illiteracy of pro se petitioner not sufficient cause to avoid procedural bar). Taylor's argument that he is actually innocent fails because the actual innocence gateway through limitations on second habeas petitions and procedurally defaulted petitions established in Schlup v. Delo, 513 U.S. 298 (1995), is not available to a petitioner whose original petition is otherwise barred by AEDPA's limitations period. See Lee v. Lampert, 610 F.3d 1125, 1136 (9th Cir. 2010) (reversing and remanding to dismiss habeas petition as untimely upon concluding "there is no 'actual innocence' exception to the one-year statute of limitations for filing an original petition for habeas corpus relief").

Taylor has not shown that he was pursuing his rights diligently and that some extraordinary circumstance stood in the way of him filing his federal petition on time. Taylor's federal petition was filed nearly twelve years after the deadline for filing a federal habeas petition to challenge the conviction. The petition is time-barred.

5

**CONCLUSION**

Respondent's motion to dismiss is GRANTED. (Docket # 11.) The petition is dismissed because it was not filed before the expiration of the statute of limitations period. The clerk shall close the file.

IT IS SO ORDERED.

DATED: November 12, 2010

Marilyn Hall Patel
United States District Judge

**NOTES**

1. The parties do not state when Taylor filed his petition with the superior court. However, under California law, the superior court must rule on a habeas corpus petition within 60 days of filing. <u>See</u> Cal. Rule of Court 4.551(a)(3)(A). Assuming the superior court ruled on the petition within 60 days of filing, the earliest date that petitioner filed his state court petition would have been January 4, 2008.

2. In Taylor's petition, he asserts that his counsel was ineffective for failing to present evidence that he suffered from post-traumatic stress syndrome and depression. Petition, p. 6. It is unclear whether these conditions are the mental health disabilities that he claims caused him to delay filing his petition.

    Taylor also suggests that his mental health disability is newly discovered evidence that supports a delayed start to the limitations period. Motion To Appoint Counsel, p. 10. Not so. Taylor has not presented evidence that he had a mental illness that existed at the time of the crime, trial, or appeal. And he has not shown that, if he had such an illness, it would support a habeas claim for a violation of the Constitution, treaties, or laws of the United States. Lastly, he has not shown that the factual predicate for such a claim was only recently discovered through the exercise of due diligence.